# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| ROBERT LEE ROULLETT, and <br> MARTHA K. ROULLETT, <br><br> Plaintiffs, <br><br> v. <br><br> LAWRENCE COUNTY SHERIFF'S <br> OFFICE, et al., <br><br> Defendants. | Case No. 3:19-cv-05074-MDH |

## ORDER

Before the Court is Defendants' Motion to Dismiss (Doc. 18); Plaintiffs' pro se motion tor temporary order pending trial (Doc. 21); Plaintiff's pro se motion to substitute name of defendant (Doc. 25); and Plaintiff's request for continuance (Doc. 36). After full and careful consideration, the Court hereby **GRANTS** Defendants' motion to dismiss for the reasons set forth herein.

## BACKGROUND

Plaintiffs commenced this *pro se* action against the Lawrence County Sheriff's Office on October 4, 2019. Plaintiffs allegations, while not entirely clear, stem from their move to Missouri and plaintiff Robert Roullett's classification as a sex offender residing in Missouri. Plaintiffs allege Robert Roullett's offense occurred in Massachusetts prior to moving to Missouri. On December 11, 2019, Plaintiffs filed an amended complaint, identifying Lawrence County Sheriff's Office, Jane Doe and Lawrence County as the defendants. Plaintiffs allege violations of 42 U.S.C. § 1983 against all Defendants.

Plaintiffs' amended complaint alleges Jane Doe was a supervisor in Lawrence County in charge of training, supervision and implementation of the registration of certain offenders, including plaintiff Robert Roullett. Plaintiffs claim Robert was registered within the state of

Missouri as a Level 3 sexual offender. Plaintiffs contend this was contrary to his sex offender status as a Level 1 offender and that he should be reinstated at Level 1 offender or relieved from his sex offender status entirely.

Plaintiffs make no specific allegations regarding this registration, other than generalized statements that Jane Doe acted with "apparent arbitrariness and utter disregard for plaintiff's" rights and "it is unclear at this time if these actions were the result of an official policy of Lawrence County, an unofficial custom of Lawrence County, or a deliberately indifferent failure to train or supervise." Defendants Lawrence County and Lawrence County Sheriff's Office have filed a motion to dismiss the claims in their entirety.

**STANDARD**

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. The reviewing court must read the complaint as a

whole rather than analyzing each allegation in isolation. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

## ANALYSIS

First, Defendants argue Lawrence County Sheriff's Office is not a separate legal entity amenable to suit and should be dismissed. This Court agrees. A sheriff's office is not a suable entity and the Court dismisses the Lawrence County Sheriff's Department as it is not a proper party to this action. See *White v. Camden County Sheriff's Dept.,* 106 S.W.3d 626, 631 (Mo. App. 2003).

Plaintiffs' allegations against Jane Doe, as set forth in paragraph 5, are also insufficient to support a viable claim against Lawrence County. Plaintiffs fail to cite any specific allegations as the basis for their claim, and instead make generalized references that "it is unclear at this time" if actions were the result of a policy, custom or deliberate indifference. Plaintiffs fail to provide any specific allegations regarding the actions of Lawrence County, or Jane Doe, and provide no reference to what Plaintiffs allege constitute an unconstitutional official policy or custom. See *Crumpley-Patterson v. Trinity Lutheran Hosp.,* 388 F.3d 588, 591 (8th Cir. 2004).[1] Plaintiffs also fail to make any allegation based on equal protection as both complaints make no reference to Robert Roullett being treated differently than others similarly situated to him. *Klinger v. Dept. of Corrections,* 31 F.3d 727, 731 (8th Cir. 1994).

---

[1] Finding a complaint is not deficient if plaintiff fails "to incorporate language specifically alleging the existence of an unconstitutional policy or custom." However, if plaintiff fails to "include any allegations, reference, or language by which one could begin to draw an inference that the conduct complained of ... resulted from an unconstitutional policy or custom" then the complaint is deficient. *Id.* (internal citations and quotations omitted). "At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom." *Id.*

In addition, Plaintiffs fail to plead a claim for procedural due process. Plaintiffs allege Robert Roullett should be removed from the sex offender registry.[2] As set forth by Defendants, Plaintiffs must first exhaust state remedies before a claim for procedural due process may arise in this court. Plaintiffs have not alleged exhaustion of state court remedies regarding the relief sought – removal of Robert Roullett's name from the sex offender registry. In fact, Plaintiffs reference that "he would have to go to Massachusetts to do that" (remove his name from the sex offender registry) "and that he cannot afford to do that." However, this Court is not the appropriate forum for Plaintiffs' request that Robert be removed from the sex offender list. The relief Plaintiffs seek must first be pursued pursuant to the state laws governing the sex offender registration.

Finally, Plaintiffs' pro se motions for a temporary order removing him from the sexual offender registration; motion to change name of defendant; and motion to continue Rule 26 requirements for six months are denied.

## DECISION

For the reasons stated herein, the Court hereby **GRANTS** Defendants' Motion to Dismiss. Plaintiffs' claims against the Lawrence County Sheriff's Office are dismissed with prejudice. Plaintiffs' remaining claims are dismissed without prejudice. Plaintiffs have not set forth a viable claim in either the original, or amended complaint, to survive the motion to dismiss.

**IT IS SO ORDERED**.

Dated: February 11, 2020  /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

---

[2] It is unclear what claims, if any, are brought on behalf of Martha Roullett. No specific allegations are made regarding any constitutional deprivations related to her.